## BALTIMORE CITY COURT.

Filed February 5, 1912.

HENRY WATSON CHILDREN'S AID SOCIETY

VS.

J. MINNIS JOHNSON.

*Redmond C. Stewart* and *Joseph Addison* for petitioner.

*John H. Grill* for respondent.

ELLIOTT, J.—

This case grows out of a writ of habeas corpus issued in the Baltimore City Court, upon the petition of the Henry Watson Children's Aid Society against J. Minnis Johnson, and involves the custody of five children, who are at present in the care and under the management of the respondent, J. Minnis Johnson, ordinarily known as "Brother Johnson," at 784 and 786 West Saratoga Street.

The charge made by the petitioner is that the conditions surrounding the children are not such as to conduce to their best interests, and the suggestion is made that this court should interfere to the extent of assuming jurisdiction and take the children away from the respondent.

The inquiry has covered a wide range. Many witnesses have been examined, some of them giving evidence of such varying character as to force the court to the conclusion either that they do not know the facts as to which they are testifying, or that they are deliberately telling what is untrue.

Through the maze, however, this court is able to find its way to the conclusion that the institution conducted by the respondent, while charitable by profession, is really in practice one for profit—a profit rendered possible by the charitable contributions of those who are from time to time appealed to in the name of charity.

This court has no disposition whatever to enter upon a discussion of the individual characters of the respondent and those associated with him, further than to say that it is not impressed with any special fitness which they have for the care and control of children.

Confining myself, therefore, to a consideration of the children's welfare, I am satisfied that they would be better off elsewhere, and I am unwilling that, under the guise of charitable solicitude, they should be used as a means of income by the respondent for the support of himself and family.

I think it far better that charitable effort which the public is asked to assist should be confined to responsible sources, and that there should be no encouragement of such undertakings as elsewhere have developed into "baby farming" and kindred evils.

I shall, therefore, while retaining jurisdiction, commit three of these children, namely, Mary R. Arnold, Rose Ferguson and Walter Ferguson, to the custody of Henry Watson Children's Aid Society, it being understood that that Society, if possible, restore the Ferguson children to their relatives. I shall likewise remand Ernest Courts to the custody of his mother, and Milton Hoffman to the Society with which he was at one time connected, namely, the St. Vincent De Paul Society, from whom he walked away at the time he was sent to Brother Johnson, or in that neighborhood as to time.

I will sign an order in accordance with this opinion.